**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**TRENTON DIVISION**

| | |
|---|---|
| **Inventergy LBS, LLC,**<br><br>      Plaintiff,<br><br>      v.<br><br>**Smart Fleet LLC,**<br><br>      Defendant. | Case No. 3:20-CV-845<br><br>Patent Case<br><br>Jury Trial Demanded |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Inventergy LBS, LLC ("Inventergy"), through its attorneys, complains of Smart Fleet LLC ("Smart Fleet"), and alleges the following:

### PARTIES

1.      Plaintiff Inventergy LBS, LLC is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 900 East Hamilton Avenue, Campbell, CA 95008.

2.      Defendant Smart Fleet LLC is a corporation organized and existing under the laws of New Jersey that maintains an established place of business at 2517 HWY 35, Suite G201, Manasquan NJ 08736.

### JURISDICTION

3.      This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4.      This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

1

5.     This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District, and is incorporated in this District's state. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

### VENUE

6.     Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District, has an established place of business in this District, and is incorporated in this District's state. In addition, Inventergy has suffered harm in this district.

### PATENTS-IN-SUIT

7.     Inventergy is the assignee of all right, title and interest in United States Patent Nos. 8,760,286 (the "'286 Patent"); 10,129,695 (the "'695 Patent"); 9,219,978 (the "'978 Patent"); (collectively the "Patents-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Inventergy possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

### The '286 Patent

8.     The '286 Patent is entitled "System and method for communication with a tracking device," and issued 6/24/2014. The application leading to the '286 Patent was filed on 4/10/2012, which ultimately claims priority from provisional application number 61/065,116, filed on 2/8/2008. A true and correct copy of the '286 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9.     The '286 Patent is valid and enforceable.

### The '695 Patent

10.     The '695 Patent is entitled "System and method for communication with a tracking device," and issued 11/13/2018. The application leading to the '695 Patent was filed on 8/23/2017, which ultimately claims priority from provisional application number 61/065,116, filed on 2/8/2008. A true and correct copy of the '695 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

11.     The '695 Patent is valid and enforceable.

### The '978 Patent

12.     The '978 Patent is entitled "System and method for communication with a tracking device," and issued 12/22/2015. The application leading to the '978 Patent was filed on 6/24/2014, which ultimately claims priority from provisional application number 61/065,116, filed on 2/8/2008. A true and correct copy of the '978 Patent is attached hereto as Exhibit 3 and incorporated herein by reference.

13.     The '978 Patent is valid and enforceable.

### COUNT 1: INFRINGEMENT OF THE '286 PATENT

14.     Inventergy incorporates the above paragraphs herein by reference.

15.     **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '286 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Smart Fleet products identified in the charts incorporated into this Count below (among the "Exemplary Smart Fleet Products") that infringe at least the exemplary claims of the '286 Patent also identified in the charts incorporated into this Count below (the "Exemplary '286 Patent Claims") literally or by the doctrine of equivalents. On

information and belief, numerous other devices that infringe the claims of the '286 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

16.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '286 Patent Claims, by having its employees internally test and use these Exemplary Products.

17.     The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

18.     Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '286 Patent. On information and belief, Defendant has also continued to sell the Exemplary Smart Fleet Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '286 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '286 Patent.

19.     **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '286 Patent, literally or by the doctrine of equivalents, by selling Exemplary Smart Fleet Products to their customers for use in end-user products in a manner that infringes one or more claims of the '286 Patent.

20.     **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '286 Patent, literally or by the doctrine of equivalents, by selling Exemplary Smart Fleet Products to their customers for use in end-user products in a manner that infringes one or more claims of the

'286 Patent. Moreover, the Exemplary Smart Fleet Products are not a staple article of commerce suitable for substantial noninfringing use.

21.     Exhibit 4 includes charts comparing the Exemplary '286 Patent Claims to the Exemplary Smart Fleet Products.  As set forth in these charts, the Exemplary Smart Fleet Products practice the technology claimed by the '286 Patent.  Accordingly, the Exemplary Smart Fleet Products incorporated in these charts satisfy all elements of the Exemplary '286 Patent Claims.

22.     Inventergy therefore incorporates by reference in its allegations herein the claim charts of Exhibit 4.

23.     Inventergy is entitled to recover damages adequate to compensate for Defendant's infringement.

COUNT 2: INFRINGEMENT OF THE '695 PATENT

24.     Inventergy incorporates the above paragraphs herein by reference.

25.     **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '695 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Smart Fleet products identified in the charts incorporated into this Count below (among the "Exemplary Smart Fleet Products") that infringe at least the exemplary claims of the '695 Patent also identified in the charts incorporated into this Count below (the "Exemplary '695 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '695 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

26. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '695 Patent Claims, by having its employees internally test and use these Exemplary Products.

27. The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

28. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '695 Patent. On information and belief, Defendant has also continued to sell the Exemplary Smart Fleet Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '695 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '695 Patent.

29. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '695 Patent, literally or by the doctrine of equivalents, by selling Exemplary Smart Fleet Products to their customers for use in end-user products in a manner that infringes one or more claims of the '695 Patent.

30. **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '695 Patent, literally or by the doctrine of equivalents, by selling Exemplary Smart Fleet Products to their customers for use in end-user products in a manner that infringes one or more claims of the '695 Patent. Moreover, the Exemplary Smart Fleet Products are not a staple article of commerce suitable for substantial noninfringing use.

31.     Exhibit 5 includes charts comparing the Exemplary '695 Patent Claims to the Exemplary Smart Fleet Products.  As set forth in these charts, the Exemplary Smart Fleet Products practice the technology claimed by the '695 Patent.  Accordingly, the Exemplary Smart Fleet Products incorporated in these charts satisfy all elements of the Exemplary '695 Patent Claims.

32.     Inventergy therefore incorporates by reference in its allegations herein the claim charts of Exhibit 5.

33.     Inventergy is entitled to recover damages adequate to compensate for Defendant's infringement.

## COUNT 3: INFRINGEMENT OF THE '978 PATENT

34.     Inventergy incorporates the above paragraphs herein by reference.

35.     **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '978 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Smart Fleet products identified in the charts incorporated into this Count below (among the "Exemplary Smart Fleet Products") that infringe at least the exemplary claims of the '978 Patent also identified in the charts incorporated into this Count below (the "Exemplary '978 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '978 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

36.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '978 Patent Claims, by having its employees internally test and use these Exemplary Products.

37.     The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

38.     Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '978 Patent. On information and belief, Defendant has also continued to sell the Exemplary Smart Fleet Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '978 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '978 Patent.

39.     **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '978 Patent, literally or by the doctrine of equivalents, by selling Exemplary Smart Fleet Products to their customers for use in end-user products in a manner that infringes one or more claims of the '978 Patent.

40.     **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '978 Patent, literally or by the doctrine of equivalents, by selling Exemplary Smart Fleet Products to their customers for use in end-user products in a manner that infringes one or more claims of the '978 Patent. Moreover, the Exemplary Smart Fleet Products are not a staple article of commerce suitable for substantial noninfringing use.

41.     Exhibit 6 includes charts comparing the Exemplary '978 Patent Claims to the Exemplary Smart Fleet Products.  As set forth in these charts, the Exemplary Smart Fleet Products practice the technology claimed by the '978 Patent.  Accordingly, the Exemplary Smart

Fleet Products incorporated in these charts satisfy all elements of the Exemplary '978 Patent Claims.

42.     Inventergy therefore incorporates by reference in its allegations herein the claim charts of Exhibit 6.

43.     Inventergy is entitled to recover damages adequate to compensate for Defendant's infringement.

### JURY DEMAND

44.     Under Rule 38(b) of the Federal Rules of Civil Procedure, Inventergy respectfully requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Inventergy respectfully requests the following relief:

A.      A judgment that the '286 Patent is valid and enforceable;

B.      A judgment that the '695 Patent is valid and enforceable;

C.      A judgment that the '978 Patent is valid and enforceable;

D.      A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '286 Patent;

E.      A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '695 Patent;

F.      A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '978 Patent;

G.      An accounting of all damages not presented at trial;

H.      A judgment that awards Inventergy all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement, and any continuing or future infringement of the

Patents-in-Suit, up until the date such judgment is entered, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Inventergy for Defendant's infringement, an accounting:

i.   that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Inventergy be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

ii.  that Inventergy be awarded costs, and expenses that it incurs in prosecuting this action; and

iii. that Inventergy be awarded such further relief at law or in equity as the Court deems just and proper.


Dated: January 26, 2020          Respectfully submitted,

/s/ Stamatios Stamoulis
Stamatios Stamoulis
Stamoulis & Weinblatt LLC
800 N. West Street, Third Floor
Wilmington, DE
(302) 999-1540
stamoulis@swdelaw.com


Isaac Rabicoff
(*Pro Hac Vice admission pending*)
**Rabicoff Law LLC**
73 W Monroe St
Chicago, IL 60603
(773) 669-4590
isaac@rabilaw.com

**Counsel for Plaintiff**
**Inventergy LBS, LLC**